```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
```

DANIELLA I. BOWMAN,

        Plaintiff,

 -v-                                            No. 20-CV-1779-LTS

RECEIVABLES PERFORMANCE
MANAGEMENT LLC,

        Defendant.

```
-------------------------------------------------------x
```

## MEMORANDUM ORDER

        Plaintiff Daniella I. Bowman ("Plaintiff") brings this action against Defendant Receivables Performance Management LLC ("RPM" or "Defendant"), alleging that RPM, through a letter to Plaintiff dated March 9, 2019, violated sections 1692e, 1692f, and 1692g of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Before the Court are the parties' cross-motions for summary judgment. (Docket entry nos. 36 & 41.) The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. section 1331 and 15 U.S.C. section 1692k(d). The Court has reviewed the parties' submissions thoroughly, and, for the following reasons, Plaintiff's motion is granted as to Counts III and IV of the Complaint, Counts I, II, and V of the Complaint are dismissed as moot, and Defendant's cross-motion is denied.

## BACKGROUND

        The following facts are undisputed unless otherwise indicated.[1] Plaintiff is a resident of New York City who had a mobile phone plan with the wireless carrier T-Mobile in at

---

[1]     Facts characterized as undisputed are identified as such in the parties' Local Civil Rule 56.1 statements or drawn from evidence as to which there has been no contrary, non-

least 2017 and 2018.  (Pl. 56.1 St. ¶¶ 17-21; see also docket entry no. 38 ("Cader Decl.") Exs. 2, 3, 5.)  Plaintiff's plan with T-Mobile was titled "T-Mobile ONE No Credit Check" and her account number ended in 6177.  (Pl. 56.1 St. ¶¶ 15, 21; Cader Decl. Exs. 2, 3, 5.)  The terms and conditions applicable to Plaintiff's plan (Cader Decl. Ex. 4) provided that Plaintiff's license was for her "personal, lawful, non-commercial use" of the device.  (Id. at ECF page 8.)

On or about March 9, 2019, RPM sent Plaintiff a letter stating that "her account ha[d] been listed with [RPM] for payment processing and collection."  (Docket entry no. 41-2 (the "March 9 Letter").)  The March 9 Letter listed Plaintiff's "Creditor" as "Simple Choice No Credit," and her "Original Creditor" as "Simple Choice No Credit."  (Id.)  "Simple Choice No Credit" is the name of a mobile phone plan once offered by T-Mobile (Pl. 56.1 St. ¶ 14), although there is no reference to such a plan in any of the agreement(s) and invoice(s) documenting Plaintiff's relationship with T-Mobile.  (Id. ¶ 22.)  The March 9 Letter did not mention "T-Mobile" or "T-Mobile One No Credit Check," although it referenced an account number ending in 6177.  The March 9 Letter listed the "Amount Due" as $93.75, consisting of $18.75 in "Fees Accrued" and $75.00 in "Total Amount Due as of Charge-Off."

Plaintiff brought this suit on February 28, 2020, alleging principally that she owed no debt to any entity named "Simple Choice No Credit" and that the March 9 Letter was therefore false, misleading, unfair, and unconscionable, and therefore violative of sections 1692e, 1692f, and 1692g of the FDCPA.  (Docket entry no. 1 ("Complaint") ¶¶ 21, 26, 31-115.)

---

conclusory factual proffer.  Citations to the parties' respective Local Civil Rule 56.1 Statements (see docket entry no. 40 ("Pl. 56.1 St.") and docket entry no. 43 ("Def. 56.1 St.")) incorporate by reference the parties' citations to underlying evidentiary submissions.

D<small>ISCUSSION</small>

Summary judgment is to be granted in favor of a moving party if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is considered material if it "might affect the outcome of the suit under the governing law," and an issue of fact is a genuine one where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Holtz v. Rockefeller & Co. Inc., 258 F.3d 62, 69 (2d Cir. 2001) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  To defeat summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Caldarola v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002) (citation omitted).  The nonmoving party "may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful."  Golden Pac. Bancorp v. FDIC, 375 F.3d 196, 200 (2d Cir. 2004) (citation omitted).

The same legal standards apply when analyzing cross-motions for summary judgment.  Schultz v. Stoner, 308 F. Supp. 2d 289, 298 (S.D.N.Y. 2004).  "[E]ach party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration."  Morales v. Quintel Entm't, Inc., 249 F.3d 115, 121 (2d Cir. 2001) (citation omitted).

Each of Plaintiff's five claims asserts a violation of the FDCPA arising out of the March 9 Letter.  "Congress enacted the FDCPA in 1977 in order to check 'abusive, deceptive, and unfair' practices employed by debt collectors."  Castro v. Green Tree Servicing LLC, 959 F. Supp. 2d 698, 706 (S.D.N.Y. 2013) (citation omitted).  "The FDCPA is a strict liability statute, and a single violation is sufficient to establish liability."  Greifman v. Grossman & Karaszewski, PLLC, No. 19-CV-04625-PMH, 2021 WL 1226420, at *2 (S.D.N.Y. Mar. 31, 2021) (collecting

cases); accord Lee v. Kucker & Bruh, LLP, 958 F. Supp. 2d 524, 528 (S.D.N.Y. 2013) ("Proof of one violation is sufficient to support recovery under the statute.").

"To establish a violation under the FDCPA '(1) the plaintiff must be a "consumer" who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, and (2) the defendant collecting the debt is considered a "debt collector," and (3) the defendant has engaged in any act or omission in violation of FDCPA requirements.'" Okyere v. Palisades Collection, LLC, 961 F. Supp. 2d 508, 514 (S.D.N.Y. 2013) (quoting Schuh v. Druckman & Sinel, L.L.P., 751 F. Supp. 2d 542, 548 (S.D.N.Y. 2010)).  The parties dispute elements (1) and (3).[2]

Consumer Debt

The Court must first address whether Plaintiff has met her burden to show that she is a consumer who was the object of efforts to collect on a consumer "debt."  See 15 U.S.C.A. § 1692a(5) (defining a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes"); Polanco v. NCO Portfolio Mgmt., Inc., 930 F. Supp. 2d 547, 551 (S.D.N.Y. 2013) ("[T]he FDCPA is triggered when the obligation is a debt arising out of a consumer transaction.").

Plaintiff has introduced evidence, in the form of her own affidavit, that any debt she owed arose out of an account that she had with T-Mobile "for [her] personal cell phone," writing: "[t]o the extent I owe any monies to T-Mobile, which I deny, the monies would be owed on account of my personal cell phone."  (Docket entry no. 37 ("Bowman Decl.") ¶¶ 7-8.)  This suffices to meet Plaintiff's burden to show that hers was a "consumer debt."  Washington v.

---

[2]   RPM does not dispute that it is a debt collector.  (Pl. 56.1 St. ¶¶ 3-5.)

Portfolio Recovery Assocs., LLC, 211 F. Supp. 3d 1041, 1049 (N.D. Ill. 2016) ("Plaintiff has personal knowledge of how she used [her] Card and her testimony and statement are competent evidence of the same. . . . Defendants have not cited any case law suggesting that more is required[.]"); see also Ehlrich v. Rapid Recovery Sols., Inc., 680 F. Supp. 2d 443, 445 (E.D.N.Y. 2010) ("Here, the Plaintiff incurred an obligation to pay Third Screen for two cellular telephones that she purchased for personal use. . . . Under the circumstances, there can be no question that her allegations are sufficient to show that the Plaintiff incurred the type of 'debt' contemplated by the FDCPA."). Moreover, Plaintiff's T-Mobile account was in her own name, rather than in a corporate name (see Cader Decl. Exs. 2, 3, 5), and the T-Mobile terms and conditions produced by RPM in discovery reflect that Plaintiff's license was "for [her] personal, lawful, non-commercial use on [her] Device only." (Cader Decl. Ex. 4 at ECF page 8.)

        RPM counters (at docket entry no. 43 at ECF pages 17-19) that Plaintiff's cell phone records between November 14, 2018, and December 13, 2018 (docket entry no. 43-4), reflect "extensive use" of her phone, and that the "sheer volume" of those calls raises an inference that Plaintiff used her cell phone for business purposes. Untethered from any other evidence, however, the mere volume of Plaintiff's calls over the course of one month—particularly where such calls occurred every day (including on weekends and Thanksgiving), and in the mornings, afternoons, and evenings (see id.)—does not raise an inference that her use of that phone was not "primarily for personal, family, or household purposes" so as to frame a genuine issue of material fact. Plaintiff has therefore met her burden to show, and RPM has not rebutted, that she was a consumer who owed (or allegedly owed) a consumer debt.

FDCPA Violations

In Plaintiff's Complaint, she alleges that RPM violated several provisions of sections 1692e, 1692f, and 1692g of the FDCPA. As explained below, because Plaintiff has met her burden to show RPM's violation of sections 1692g(a)(2) and 1692e in connection with the March 9 Letter's failure to identify Plaintiff's alleged creditor, and because "[p]roof of one violation is sufficient to support recovery under the statute," Lee, 958 F. Supp. 2d at 528, the Court grants Plaintiff's motion for summary judgment as to those claims (Counts III and IV of Plaintiff's Complaint) and dismisses Plaintiff's remaining claims as moot.

*Counts III and IV (Sections 1692g(a)(2) and 1692e)*

Section 1692g requires that, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing," among other things, "(1) the amount of the debt" and "(2) the name of the creditor to whom the debt is owed." 15 U.S.C.A. § 1692g(a); see also Castro, 959 F. Supp. 2d at 706. Section 1692e prohibits debt collectors from using "any false, deceptive, or misleading representation or means"—including by making any "false representation of . . . the character, amount, or legal status of any debt"—"in connection with the collection of any debt." 15 U.S.C.A §§ 1692e, 1692e(2)(A), 1692e(10). Any such misrepresentation must be "material" in order to be actionable under section 1692e. Bryan v. Credit Control, LLC, 954 F.3d 576, 581 (2d Cir. 2020).

Under both sections, the Court "must use an objective standard based on whether the 'least sophisticated consumer' would be deceived by the collection practice." Maguire v. Citicorp Retail Servs., Inc., 147 F.3d 232, 236 (2d Cir. 1998). "This objective standard is

designed to protect all consumers, 'the gullible as well as the shrewd,' while at the same time protecting debt collectors from liability for 'bizarre or idiosyncratic interpretations of collection notices.'" Id. (citation omitted); Bryan, 954 F.3d at 581 ("A collection letter is misleading if the 'least sophisticated consumer—one not having the astuteness of a Philadelphia lawyer or even the sophistication of the average, everyday, common consumer,' [ ]—is left "uncertain as to the meaning of the message[.]'" (citations omitted)). Although some courts have considered the application of the least sophisticated consumer standard as involving a question of fact, the substantial majority of courts in the Second Circuit consider the question one of law. See Susino v. Lacy Katzen LLP, 524 F. Supp. 3d 116, 122 (W.D.N.Y. 2021) (collecting cases); Castro, 959 F. Supp. 2d at 707 (collecting cases).

Viewed through the lens of the least sophisticated consumer, the March 9 Letter's identification of Plaintiff's creditor as "Simple Choice No Credit"—the name of a cell phone plan offered by T-Mobile, although not one there is any record of Plaintiff having signed up for—does not satisfy section 1692g(a)(2)'s requirement to provide "the name of the creditor to whom the debt is owed." See Bryan, 954 F.3d at 581 ("[S]ince the collection letter did not identify Capital One at all, it did not comply with Section 1692g."). Nor is there evidence in the record of any other communication, made within five days of the March 9 Letter, containing the requisite information. Because the March 9 Letter did not include the name of (or any version of the name of) Plaintiff's purported creditor, Plaintiff is entitled to summary judgment on her claim (at Count III of her Complaint) that RPM violated 15 U.S.C. section 1692g(a)(2).

Similarly, the March 9 Letter's failure to identify the creditor to which Plaintiff allegedly owed a debt constituted a false and misleading representation as to the character of that debt in violation of sections 1692e, 1692e(2)(A), and 1692e(10). Foti v. NCO Fin. Sys., Inc., 424 F. Supp. 2d 643, 666 (S.D.N.Y. 2006) ("The standard for determining a violation of

§ 1692e(10) is essentially the same as that for § 1692g."). That failure was also material, for purposes of section 1692e, since Plaintiff had no relationship with any entity called "Simple Choice No Credit," and the inclusion of that term—a generic term which, by itself, does not identify or suggest T-Mobile as the relevant creditor—and the absence of any reference to T-Mobile would have "the potential to affect the decision-making process of the least sophisticated [consumer][.]" Bryan, 954 F.3d at 582.[3] Plaintiff is therefore entitled to summary judgment in her favor as to her claim (at Count IV of her Complaint) that RPM's identification of "Simple Choice No Credit" as the relevant creditor violated 15 U.S.C. sections 1692e, 1692e(2)(A), and 1692e(10).

        Plaintiff is entitled to summary judgment as to these claims notwithstanding RPM's proffer of a recording of a call between Plaintiff and RPM which occurred on or about March 18, 2019. That recording, which RPM submitted to chambers by email (see docket entry no. 42) in the form of a seven minute and eight second .mp3 file, which is transcribed, in part, in RPM's moving papers (docket entry no. 43 at ECF pages 5-9), reflects that an RPM representative told Plaintiff that "it looks like we've got an account here through T-Mobile Simple Choice family of products." (Id.) Even assuming the admissibility of that recording (which Plaintiff disputes, see docket entry no. 46), however, Plaintiff's subjective response to the March 9 Letter does not inform the Court's application of the objective least sophisticated consumer standard. Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 91 (2d Cir. 2008) ("In order to prevail, it is not necessary for a plaintiff to show that she herself was confused by the

---

[3] That is so notwithstanding the March 9 Letter's inclusion of the last four digits of Plaintiff's account number from her T-Mobile account. Whether or not Plaintiff subjectively recognized that account number, the least sophisticated consumer might not have recognized that series of numbers from an account which had been closed the previous year, in the absence of any reference to T-Mobile.

communication she received; it is sufficient for a plaintiff to demonstrate that the least sophisticated consumer would be confused.").[4] Moreover, even to the extent that the recording is both admissible and relevant, the recorded conversation itself—which does not reveal whether Plaintiff contacted RPM or RPM contacted Plaintiff, and which appears to have followed another conversation, no recording or transcript of which is before the Court—does not alter the Court's conclusion that the March 9 Letter is violative of the FDCPA.

*Counts I, II, and V*

As noted above, "[t]he FDCPA is a strict liability statute, and a single violation is sufficient to establish liability." Greifman, 2021 WL 1226420, at *2 (collecting cases). Moreover, in the absence of any actual damages—which are neither alleged in Plaintiff's Complaint nor evidenced in Plaintiff's summary judgment papers—Plaintiff's damages are limited to a single award of statutory damages (of up to $1,000) per action, plus "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C.A. § 1692k(a)(1)-(3). See also Portalatin v. Blatt, Hasenmiller, Leibsker & Moore, LLC, 900 F.3d 377, 385 (7th Cir. 2018) ("The word 'action' limits the additional damages, capping them at $1,000 per action, not per violation and not per defendant."); Grammar v. Sharinn & Lipshie, P.C., No. 14-CV-6774-JCF, 2016 WL 4249155, at *3 (S.D.N.Y. Aug. 5, 2016) (same, collecting cases). Given these principles, courts may, upon the finding of a violation of the FDCPA sufficient to impose liability, dismiss a plaintiff's remaining FDCPA claims as moot. Ellis v. Solomon & Solomon, P.C., 591 F.3d 130, 133 (2d Cir. 2010) (affirming district court's decision

---

[4] For the same reason, the Court does not address Defendant's claims (at docket entry no. 43 at ECF page 5) that Plaintiff's interrogatory responses (which Defendant does not attach to its moving papers) impugn her credibility as to whether and when she learned that the debt referenced in the March 9 Letter related to her prior account with T-Mobile.

which granted the plaintiff "summary judgment on her claim that the defendants violated § 1692g" and "dismissed [the plaintiff's] remaining claims as moot"); Lee, 958 F. Supp. 2d at 532 (granting plaintiff's summary judgment motion as to a violation of section 1692e(2)(A) and dismissing plaintiff's remaining claims as moot); Bodur v. Palisades Collection, LLC, 829 F. Supp. 2d 246, 259 n.25 (S.D.N.Y. 2011) ("This Court need not address Bodur's other FDCPA claims because his damages are the same regardless of whether defendants committed one or more FDCPA violations through the same conduct."). This result is particularly appropriate where, as here, each of the alleged FDCPA violations arises from the same letter. The Court therefore declines to reach the merits of Plaintiff's other FDCPA claims and dismisses Counts I, II, and V of the Complaint as moot.

Damages

As explained above, Plaintiff is entitled to statutory damages (of up to $1,000) per action, plus "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C.A. § 1692k(a)(2)(A) & (a)(3). The decision as to whether and in what amount to award statutory damages is "committed to the sound discretion of the district court." Clomon v. Jackson, 988 F.2d 1314, 1322 (2d Cir. 1993). Courts consider the following factors: "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional, as well as any other factors that are relevant." Garcia v. L. Offs. Howard Lee Schiff, P.C., 401 F. Supp. 3d 241, 257 (D. Conn. 2019) (citation and internal quotation marks omitted); accord 15 U.S.C. § 1692k(b)(1). Absent evidence of bad faith, an abusive or threatening tone, or an intentional violation, courts often find an award of $500 appropriate and sufficient to penalize a single instance of a failure to comply with the FDCPA. Garcia, 401 F. Supp. 3d at 257 (awarding $500

for "one non-threatening letter containing an unintentional mistake"); Savino v. Computer Credit, Inc., 164 F.3d 81, 86 (2d Cir. 1998) (finding no abuse of discretion where the district court awarded $500 in statutory damages based on a single letter that was neither threatening nor abusive in tone, and where there was no evidence that the defendant's noncompliance was intentional). Here, there is no evidence in the record that RPM's listing of the wrong creditor was intentional, and the March 9 Letter was neither threatening nor abusive in tone. The Court therefore awards Plaintiff $500 in statutory damages pursuant to 15 U.S.C. section 1692k(a)(2)(A), plus her "costs of the action, together with a reasonable attorney's fee." Id. § 1692(a)(3). Plaintiff's motion for attorney's fees shall be filed within 14 days after entry of judgment in accordance with Federal Rule of Civil Procedure 54(d)(2). See Ellis v. Solomon & Solomon, P.C., 599 F. Supp. 2d 298, 305 (D. Conn. 2009), aff'd, 591 F.3d 130 (2d Cir. 2010).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is granted as to Counts III and IV of the Complaint, Counts I, II, and V of the Complaint are dismissed as moot, and Defendant's cross-motion for summary judgment is denied in its entirety.

This Memorandum Order resolves docket entry nos. 36 and 41.

The Clerk of Court is respectfully directed to enter judgment in favor of Plaintiff in the amount of $500, and to close the case. Pursuant to Federal Rule of Civil Procedure 54(d)(2), Plaintiff shall file her properly supported motion for attorney's fees within 14 days of the entry of judgment.

SO ORDERED.

Dated: March 28, 2022  /s/ Laura Taylor Swain
New York, New York  LAURA TAYLOR SWAIN
  Chief United States District Judge