UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

DANIELLA I. BOWMAN,

Plaintiff,

-v- No. 20-CV-1779-LTS

RECEIVABLES PERFORMANCE MANAGEMENT LLC,

Defendant.

-------------------------------------------------------x

ORDER

Now before the Court is the motion of Daniella I. Bowman ("Plaintiff"), pursuant to 15 U.S.C. section 1692k(a)(3) and Federal Rule of Civil Procedure 54(d)(2), seeking to recover from Defendant Receivables Performance Management LLC ("RPM" or "Defendant") her attorneys' fees and costs expended in bringing this Fair Debt Collection Practices Act ("FDCPA") action to judgment. The Court has reviewed the parties' submissions thoroughly, and, for the following reasons, awards Plaintiff $27,557.50 in fees and $426.40 in costs.

In determining what constitutes a reasonable fee award, courts typically calculate the presumptively reasonable fee amount, which is computed by "multiplying a reasonable hourly rate by the number of reasonably expended hours." Bergerson v. New York State Off. of Mental Health, Cent. New York Psychiatric Ctr., 652 F.3d 277, 289 (2d Cir. 2011). In calculating the presumptively reasonable fee amount, the Court takes into account "all case-specific variables," including those set forth in Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections, 522 F.3d 182 (2d Cir. 2008) and Johnson v. Georgia Highway Exp., Inc., 488 F.2d 714 (5th Cir. 1974), abrogated by Blanchard v. Bergeron, 489 U.S. 87 (1989). Lilly v. City of New York, 934 F.3d 222, 230 (2d Cir. 2019).

In this case, Plaintiff seeks a total attorneys' fees award of $38,563.90, consisting of 110 billed hours at hourly rates of $100 (for two paralegals), $250 (for two associates who graduated from law school in 2018 and 2019, respectively), $350 (for attorney Jonathan Cader, a senior associate with fourteen years of experience), and $450 (for partners Craig Sanders and David Barshay, who have a combined 52 years of litigation experience).  (Docket entry no. 54 ("Sanders Decl.") ¶¶ 2-8 & Ex. 1; see also docket entry nos. 55, 56, & 57 ("Reply").)  These hourly rates are at the high end or just above the currently prevailing rates that have been approved in fee awards to attorneys in FDCPA cases in the New York City metropolitan area. See Hancock v. I.C. Sys., Inc., No. 21-CV-7085-RA-RWL, 2022 WL 819774, at *3 (S.D.N.Y. Mar. 18, 2022) ("Courts in this district have found, with respect to attorneys' fees in FDCPA cases, reasonable hourly rates to be approximately $300-$450 for partners, $200-$325 for senior associates, and $100-$200 for junior associates." (citation omitted)) (collecting cases); Lichter v. Bureau of Accts. Control, Inc., No. 19-CV-04476-ER, 2021 WL 5115259, at *5 (S.D.N.Y. Nov. 2, 2021) (finding reasonable hourly rates of $450 for attorneys Sanders and Barshay, $325 for attorney Cader, $225 for a third- and fourth-year associate, and $100 for paralegal time).  But see Rosen v. LJ Ross Assocs., Inc., No. 19-CV-5516-ARR-VMS, 2022 WL 493728, at *5 (E.D.N.Y. Jan. 24, 2022) (finding reasonable hourly rates of $370 for attorneys Sanders and Barshay, $250 for attorney Cader, $225 and $200 for a third- and second-year associate, and $100 for paralegal time), report and recommendation adopted, No. 19-CV-5516-ARR-VMS, 2022 WL 493274 (E.D.N.Y. Feb. 17, 2022); Schwartz v. Jzanus Ltd., No. 21-CV-480-JMA-SIL, 2022 WL 603996, at *1 (E.D.N.Y. Feb. 28, 2022) (finding reasonable "$370 per hour for partners Craig B. Sanders and David Barshay; $240 per hour for senior associate Jonathan M. Cader; and $85 per hour for paralegal work").  Having considered the parties' submissions, the prevailing rates charged by attorneys for FDCPA claims in this metropolitan area, and the specifics of this case, the Court

finds reasonable hourly rates of $100 (for paralegal time), $225 (for the junior associates in this case), $300 (for attorney Cader), and $425 (for attorneys Sanders and Barshay).

Plaintiff seeks payment for 105 hours expended by Plaintiff's firm's timekeepers between January 20, 2020, and October 4, 2021 (Sanders Decl. Ex. 1), as well as for five hours expended in connection with the drafting and filing of Plaintiff's reply brief in support of her fee application.  (Reply at 10.)  See Dagostino v. Computer Credit, Inc., 238 F. Supp. 3d 404, 418 (E.D.N.Y. 2017) ("'attorneys' fees for the preparation of [ ] fee application[s] are compensable,' as are fees for the time incurred in litigating them" (quoting Reed v. A.W. Lawrence & Co., Inc., 95 F.3d 1170, 1183-84 (2d Cir. 1996))).  Plaintiff's request takes into account Plaintiff's counsel's own elimination of 10.1 hours of billed time, which consisted of work that "may be duplicative (or deemed excessive)," such as "time that was spent reviewing the same email or document by multiple attorneys in the firm."  (Sanders Decl. ¶¶ 7-8.)

Defendant argues that the hours expended by Plaintiff's timekeepers were unreasonable, excessive, and redundant, and should be reduced to reflect that Plaintiff received only $500 out of a maximum of $1,000 in statutory damages in this action.[1]   The Court has considered carefully Defendant's arguments in this regard and concludes that they merit only a modest further reduction of Plaintiff's requested hours.  In particular, the Court notes that Plaintiff substantially prevailed on her principal claim that Defendant's correspondence to her violated the FDCPA, and that Plaintiff's counsel's hours were reasonably and generally necessarily expended, particularly in light of Defendant's own litigation efforts (including its

---

[1]     Defendant also argues that Plaintiff failed to "provide contemporaneously [sic] billing records." (Docket entry no. 57 at 6.)  The Court concludes that Plaintiff's three declarations from attorneys with personal knowledge of the work performed on this matter, including lead attorney Sanders's collection of Plaintiff's firm's itemized billing records at Exhibit 1 of his Declaration, suffice to meet Plaintiff's burden to provide evidence of the services underlying the fee award she seeks.

filing of its ultimately unsuccessful cross-motion for summary judgment). (See Reply at 1-2, 8-10.) The Court concludes that a modest 10% overall reduction of Plaintiff's requested hours, beyond the reduction already voluntarily made by Plaintiff's counsel, is warranted, to account for the arguments made by Defendant and the seemingly somewhat excessive staffing—five attorneys, including two senior partners—of this relatively straightforward FDCPA action. See Zimmerman v. Portfolio Recovery Assocs., LLC, No. 09-CV-4602-PGG, 2013 WL 6508813, at *10 (S.D.N.Y. Dec. 12, 2013) ("[A]ssigning numerous attorneys to a simple and straightforward matter presents a significant risk of inefficiency, duplication, and unnecessary billing.").[2] A further 10% overall reduction of Plaintiff's requested hours is warranted due to discrepancies between Plaintiff's firm's representations of its billing records in its moving memorandum and in its declaration in support of its fee application.[3]

In sum, the Court awards Plaintiff attorneys' fees as follows:

| *Timekeeper* | *Rate Req'd* | *Rate Awarded* | *Hours Req'd* | *Hours Awarded* | *Total* |
|---|---|---|---|---|---|
| Sanders | $450 | $425 | 24.2 + 0.5* | 19.8 | $8,415 |
| Barshay | $450 | $425 | 5.3 | 4.2 | $1,785 |
| Cader | $350 | $300 | 48.8 + 4.5* | 43.6 | $13,080 |
| Rallis | $250 | $225 | 10.3 | 8.2 | $1,845 |
| McCabe | $250 | $225 | 11.1 | 8.9 | $2,003 |
| Franco | $100 | $100 | 4.7 | 3.8 | $380 |
| Garcia | $100 | $100 | 0.6 | 0.5 | $50 |
| * hours expended on reply brief in support of fee application | | | | Total: | $27,557.50 |

2 Some of Plaintiff's counsel's staffing decisions may have resulted from turnover at the firm. (See Reply at 7; Sanders Decl. Ex. 1 (reflecting that one junior associate's last billing entry was from March 8, 2021, and another junior associate's first billing entry was from May 5, 2021).) However, Plaintiff's firm's billing records also reveal examples when two senior partners, for example, each expended hours on this matter during the same time period. (Sanders Decl. Ex. 1 at ECF pages 4-7.)

3 Counsel's summary of its billing, in Plaintiff's memorandum of law, reflects a pre-Reply total of 115.1 hours billed (docket entry no. 53 at 10), while Exhibit 1 to the declaration of attorney Sanders reflects a total of only 105.7 hours billed (Sander Decl. Ex. 1), including the hours as to which Plaintiff's counsel has declined to seek compensation.

Finally, Plaintiff also requests reimbursement of $426.40 in costs, consisting of her $400 filing fee and $26.40 in service of process fees. Defendant does not oppose this request, and the Court finds these costs to be reimbursable. Lichter, 2021 WL 5115259, at *6 ("Under the FDCPA, a prevailing plaintiff is entitled to the costs incurred in the action." (citing 15 U.S.C. § 1692k(a)(3))); Hancock, 2022 WL 819774, at *5 (filing fee and service of process expenses are "routinely recoverable as litigation costs").

For the foregoing reasons, Plaintiff is awarded $27,557.50 in attorneys' fees and $426.40 in costs, for a total award of $27,983.90, pursuant to 15 U.S.C. section 1692k(a)(3). Docket entry no. 52 is resolved.

SO ORDERED.

Dated: May 3, 2022
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge